UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

In re:                                              Chapter 11

Immokalee Tomato Growers Partnership,               Case No. 9:15-bk-10695-CED
Flatwoods Citrus Groves, Inc.                       Case No. 9:15-bk-10697-CED
Nobles Farms, Inc.                                  Case No. 9:15-bk-10698-CED
Southwest Florida Holdings Co., Inc.                Case No. 9:15-bk-10713-CED

     Debtors.                                    (Jointly Administered under
_____/                    Case No. 9:15-bk-10695-CED)


**DEBTORS' EMERGENCY MOTION FOR AUTHORITY
TO SELL REAL AND PERSONAL PROPERTY AT AUCTIONS
FREE AND CLEAR OF LIENS AND OTHER INTERESTS WITH
LIENS TO ATTACH TO PROCEEDS PURSUANT TO 11 U.S.C. § 363(F)**

Immokalee Tomato Growers Partnership ("ITG"), Southwest Florida Holding

Co., Inc. ("SWFHC"), Nobles Farms, Inc. ("Nobles Farms"), and Flatwoods Citrus

Groves, Inc. ("Flatwoods") (collectively the "Debtors"), by their undersigned counsel,

respectfully request the entry of an order authorizing them to sell real and personal property

at auctions free and clear of liens and other interests pursuant to 11 U.S.C. § 363(f).  In

support of the motion, the Debtors represent the following:

**Jurisdiction and Venue**

1.    This Court has jurisdiction to consider this motion pursuant to 28 U.S.C.

§§ 157 and 1334.  The subject matter of this motion is a core proceeding pursuant to 28

U.S.C. § 157(b).  Venue is proper in this district pursuant to 28 U.S.C. § 1408.

2.    The statutory predicates for the relief sought in this Motion include 11

U.S.C. § 363 and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure.

**Background**

3.      On October 23, 2015 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

4.      The Debtors have sought and obtained an order of joint administration for procedural purposes only under *In re: Immokalee Tomato Growers Partnership.*, Case No. 9:15-bk-10695-CED (Doc. 19).

5.      SWFHC owns approximately 263 gross acres of farm land located in LaBelle, Hendry County, Florida located at 4022 FT Center Ave. (the "River Road Grove").  Approximately 156 acres of the River Road Grove contain citrus grove with active citrus crop.  Nobles Farms owns approximately 497 gross acres of farm land located in LaBelle, Hendry County, Florida (the "Barfield Grove").  Approximately 220 acres of the Barfield Grove contain citrus grove with active citrus crop.  Flatwoods owns approximately 437 gross acres of farm land located in LaBelle, Hendry County, Florida (the "Flatwoods Grove").  Approximately 347 acres of the Flatwoods Grove contain citrus grove with active citrus crop.

6.      The Debtors have determined, in the exercise of their business judgment, that it is in the best interests of their estates to downsize their farming operations and sell the River Road Grove, the Barfield Grove, and the Flatwoods Grove along with the citrus grove and crop and related equipment located thereon (the "Assets").

7.      The Assets are believed to be encumbered by the following liens:

| Creditor | Collateral |
|---|---|
| Prudential Insurance Co. of America | Flatwoods Grove; Barfield Grove |
| Florida Community Bank | River Road Grove and non-Debtor property |
| AdvantaIRA Trust, LLC | River Road Grove |
| Anthony and Jessie Gargano | River Road Grove |
| Roger and Sherri Denning | River Road Grove |
| HWA Properties, Inc./FineMark | River Road Grove |

8.      The Debtors filed the *Debtors' Application for Authorization to Employ Murray Wise Associates, LLC to Sell Real and Personal Property* (Doc. 5), which seeks approval of the Debtors' employment of Murray Wise Associates, LLC ("Murray Wise") to market and sell the River Road Grove, the Barfield Grove and the Flatwoods Grove. Murray Wise will also be selling certain assets of non-Debtor affiliates, including the industrial lot owned by Nobles LaBelle Grove, LLC, the Beddingfield Grove owned by Lewis J. Nobles, III, the office/shop owned by Gator Harvesting, Inc., and the Sunshine Grove owned by Matthew and Elizabeth Miller (the "Non-Debtor Assets").

9.      The Debtors have also filed an Emergency Motion to Establish Sale Procedures for Public Sale of Real and Personal Property (the "Sale Procedures Motion") (Doc. 3).  The Debtors believe that the sale procedures set forth therein constitute the best manner in which to sell the Assets and generate the highest and best prices for the Assets given the present circumstances of these cases, the potential local, regional, national, and international interest in these Assets and the current market conditions.

10.     The Debtors and certain non-Debtor affiliates have retained Murray Wise to conduct public auctions (i.e., public sales) for the sale of the Assets and the Non-Debtor Assets (the "Auctions").

11.     In order to maximize the value of the Assets for their estates and all creditors, the Auctions will be conducted to allow bidding on a single Asset, multiple Assets, or any configuration of Assets or Non-Debtor Assets as established by the Debtors following consultation with Murray Wise.

12.     The Debtors and Murray Wise intend to solicit stalking horse bids for the Auctions.   At any time prior to the Auctions, the Debtors may seek approval of any acceptable stalking horse bidder, as well as other procedures related to the Auctions and the submission of bids.

13.     The Debtors and Murray Wise propose the following auction schedule for the sale of the Assets[1]:

| *Sale Date & Time* | *Assets to be Sold* | *Location* |
|---|---|---|
| January 26, 2016 at 1:00 p.m. | All | A location to be determined in or near LaBelle |
| | | |
| | | |
| | | |

---

[1] If the Court approves a stalking horse bid, the proposed auction dates will be used in conjunction with the approved stalking horse bid.

**Relief Requested**

14.     The Debtors seek authorization to sell the Assets at auctions free and clear of all liens, claims, and encumbrances pursuant to § 363(f) of the Bankruptcy Code, with any and all liens attaching to the net proceeds from the sales.

15.     Section 363(b)(1) empowers a debtor-in-possession, after notice and hearing to "use, sell, or lease, other than in the ordinary course of business, property of the estate . . ." 11 U.S.C. §363(b)(1).  A debtor must demonstrate a sound business justification for a sale or use of assets outside the ordinary course of business. *See*, *e.g.*, *Licensing by Paolo, Inc. v. Sinatra (In re Gucci)*, 126 F.3d 380, 387 (2d Cir. 1997). Courts usually defer to the business judgment of a debtor in deciding whether or not to authorize a debtor to sell property outside the ordinary course of business.  *See e.g.*, *In re Continental Airlines, Inc.*, 780 F.2d 1223 (5th Cir. 1986).

16.     There are sound business justifications for selling the Assets, as outlined herein.  The Debtors have determined, in the exercise of their business judgement, that it is in the best interests of their estates to downsize their farming operations and sell the Assets to maximize the ultimate recoveries for all parties in interest.  Furthermore, the purchase prices anticipated to be received are expected to be reasonable.

17.     The Debtors and Murray Wise will continue to: (a) market the Assets up until the date of the Auctions, (b) engage prospective purchasers in bidding for the Assets; and (c) provide parties with continued access to information about the Assets. This will maximize the number of participants at the Auction, thereby maximizing the value to be realized from the sale of the Assets.

18.     The Debtors believe that the third party purchaser(s) at the auctions will be a good faith purchaser(s) entitled to the protections of §363(m) and (n) of the Bankruptcy Code.

19.     Section 363(m) of the Bankruptcy Code provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

20.     Although the Bankruptcy Code does not define "good faith" the Second Circuit Court of Appeals, in *Gucci*, has held that the:

> [g]ood faith of a purchaser is shown by the integrity of his conduct during the course of the sale proceedings; where there is a lack of such integrity, a good faith finding may not be made. A purchaser's good faith is lost by "fraud, collusion between the purchaser and other bidders or the trustee," or an attempt to take grossly unfair advantage of other bidders.

126 F.3d at 390,

21.     The Debtors submit that any third party purchaser at the auctions who is not an "insider" of the Debtors under section 101(31) of the Bankruptcy Code is a "good faith purchaser" within the meaning of section 363(m) of the Bankruptcy Code.

**Approval Of Sale Transaction Free And Clear**

22.    The Debtors request approval to sell the Assets free and clear of any and all liens, claims and encumbrances in accordance with section 363(f) of the Bankruptcy Code.

23.    Pursuant to section 363(f) of the Bankruptcy Code, a debtor in possession may sell property of the estate "free and clear of any interest in such property of an entity other than the estate" if any one of the following conditions is satisfied:

    a)    applicable nonbankruptcy law permits sale of such property free and clear of such interest;

    b)    such entity consents;

    c)    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

    d)    such interest is in *bona fide* dispute; or

    e)    such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).  This provision is supplemented by section 105(a) of the Bankruptcy Code, which provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a); *see also Volvo White Truck Corp. v. Chambersburg Beverage, Inc. (In re White Motor Credit Corp.)*, 75 B.R. 944, 948 (Bankr. N.D. Ohio 1987) ("Authority to conduct such sales is within the court's equitable powers when necessary to carry out the provisions of Title 11.").

24.    The liens against the Assets shall attach to the proceeds of the Sale in accordance with the provisions of the Bankruptcy Code.

25.     The proceeds of sale of any unencumbered or under-encumbered Assets shall be subject to payment of all reasonable administrative costs of this proceeding as provided for by Sections 330, 503, 507 and other applicable sections of the Bankruptcy Code as the Court may allow.

26.     This Court, after notice and hearing, may authorize a surcharge of the proceeds from the sale of the Assets for the payment of the reasonable, necessary costs and expenses of preserving, or disposing of, the Assets, but only to the limited extent that such costs and expenses directly benefit the holders of allowed secured claims against the Assets, as provided for by 11 U.S.C. §506(c), including the quarterly fee incurred as a result of any sale.  All other expenses associated with the sale of the Assets and the administration of these cases shall be paid as provided by 11 U.S.C. §503(b), in accordance with the priorities set forth in 11 U.S.C. §507(a)(2).  The Court, prior to payment, shall approve all such costs and expenses with the exception of any quarterly fees owed pursuant to 28 U.S.C. §1930.

27.     If any secured creditor claiming a lien, encumbrance, right or interest on, in or against any of the Assets, or against a buyer of any of the Assets, does not object within the time fixed by this Court, it should be deemed to have consented to the sale of the Assets, free and clear of its liens, claims, encumbrances, rights, and interests.

### Notice

28.     This Motion is being served on (i) all parties which, to the knowledge of the Debtors, have or have asserted liens on or other interests in the Assets, and (ii) all parties on the Court's mailing matrix.

29.     The Debtors request, pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, that the Court waive the fourteen (14) day stay of the orders authorizing the sale of the Assets.

30.     Fed. R. Bankr. P. 2002(a)(2) requires twenty-one (21) days' notice to parties in interest of a hearing on motion for "a proposed used, sale, or lease of property of the estate other than in the ordinary course of business, unless the court for cause shown shortens the time . . ."

31.     The Debtors submit that good cause exists for the shortening the notice period for the hearing on this motion.  The claims of the secured creditors continue to increase daily.  It is in the best interest of all creditors and the estates that payment is made to the secured creditors as quickly as possible.  To that end it is in the best interest of all creditors and the estates to have the sales process approved as soon as possible to maximum the value of the Assets for the estates.

32.     The Debtors submit that shortening the notice period will not prejudice any interested parties.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order granting this motion, approving the sale of the Assets at auctions free and clear of all liens, claims, and encumbrances, shortening the notice period, and providing such other and further relief as the Court may deem just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copies of the foregoing Debtors'
Emergency Motion to Establish Sales Procedures for Public Sale of Real and Personal
Property have been furnished on this 9th day of November, 2015, by the Court's
CM/ECF list and/or U.S. Mail to all creditors and parties in interest listed on the attached
matrix.

                                                __/s/ Michael C. Markham_____
                                                Michael C. Markham; FBN: 0768560
                                                Johnson, Pope, Bokor,
                                                Ruppel & Burns, LLP
                                                403 E. Madison St.
                                                Tampa, FL 33602
                                                (813) 225-2500
                                                (727) 443-6548 fax
                                                mikem@jpfirm.com
                                                Attorneys for Debtors

3220515